IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melissa L. Platt,<br><br>      Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br>Acting Commissioner of Social<br>Security,<br><br>      Defendant.<br>_____ | Civil Action No.: 9:13-2435-BHH<br><br><br><br>**OPINION AND ORDER** |

    The plaintiff, Melissa L. Platt ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On September 5, 2014, the magistrate judge issued a Report and Recommendation in which he determined that the Commissioner's decision was based on substantial evidence and free of legal error. Accordingly, the magistrate judge recommended affirming the Commissioner's decision. (ECF No. 16.) The plaintiff filed Objections on September 16, 2014 (ECF No. 19), and on October 3, 2014, the Commissioner filed a Reply (ECF No. 20). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below in relevant part. The plaintiff was 40 years old when she became disabled and 43 years old on the date she was last insured for benefits, and had past relevant work experience as a loan interviewer/officer. (R. at 18, 178.) The plaintiff's application was denied initially and on reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on August 24, 2011, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 84-91.) On April 30, 2012, the Appeals Council issued and order remanding the case back to the ALJ for another hearing which was held on July 26, 2012. (R. at 77-80, 42-58.) On August 17, 2013, the ALJ again denied the plaintiff's claim. (R. at 11-20.) The Appeals Council denied the plaintiff's request for review (R. at 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on September 10, 2013 (ECF No. 1).

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 16 at 18-19.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject,

or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)).

The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## **DISCUSSION**

The plaintiff filed objections to the Report and Recommendation ("Objections") on September 16, 2014 (ECF No. 19), and the Commissioner filed a reply on October 3, 2014 (ECF No. 20). The plaintiff objects to the magistrate judge's recommendation concerning the ALJ's alleged (1) failure to consider the effects of all of the plaintiff's impairments and (2) failure to properly evaluate the plaintiff's credibility. The Court will consider each specific objection in turn.[1]

The plaintiff still complains that the ALJ failed to consider the effects of the plaintiff's

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

left hip impairment and that the magistrate judge wrongly recommended that he had.  The plaintiff had ORIF surgery on her left acetabula and her left hip ball and socket, in 1996. (R. at 352.)  Dr. Monnieque Singleton, an Agency consultant, found that the plaintiff's left hip had significant limitations in abduction and adduction. ®. at 94-299.)

As the magistrate judge noted, the ALJ discussed the fact that the plaintiff injured her hip in a 1996 car accident and that her hip had a decreased range of motion upon examination with Dr. Singleton.  (R. at 16 ("[B]roke her . . . left hip in an accident . . . .  no information as to any treatment for those injuries beyond July 1996."), 18 ("[S]ome decrease in range of motion of her left hip.")  The plaintiff does not explain how these citations could be viewed any other way than that the ALJ considered the evidence she contends he did not.   The ALJ also noted the results of April 2010 x-rays of the plaintiff's lumbar spine, which also showed her hip (indicating she had an "old left acetabular fracture with internal fixation").  (R. at 18.)  The ALJ may also have meant to consider the plaintiff's hip injuries, when discussing the plaintiff's ability to ambulate effectively and tandem and heel-toe walk, in determining that she did not meet or equal Listing 1.027 (major dysfunction of a joint). (R. at 15.)

The plaintiff argues that Dr. Singleton's range of motion chart reports significant loss of motion in all areas, with over 50% loss in internal and external rotation. (R. at 298.)  First, the loss of motion was not necessarily significant in all aspects, ranging from only 10-25% for certain movements.  *Id.*  More importantly, the fact that the plaintiff can produce conflicting evidence which might have resulted in a contrary interpretation neither establishes that the hip impairment was unconsidered or that the ALJ lacked substantial evidence to conclude as he did. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.

5

1972). As the magistrate judge noted, the ALJ recognized Dr. Singleton's view concerning decreased range of motion in the hip, indicating that it had been considered. (R. at 18, 296.) It is enough.

Additionally, and contrary to the plaintiff's continuing objection, the ALJ also discussed the plaintiff's depression, and although finding it to be non-severe, specifically considered any limitations stemming from her depression in assessing her RFC. (R. at 14-15.) The ALJ found that the plaintiff's depression was not a severe impairment at step two because it did not cause more than minimal limitations in her ability to perform basic mental work activities, noting that she had only mild limitations in her activities of daily living and in concentration, persistence, or pace; no limitations of social functioning; and no episodes of decompensation of extended duration. (R. at 14.) The ALJ also considered whether the plaintiff's depression met Listing 12.04, including whether the combined effects of the severe and non-severe impairments met this Listing. (R. at 15.) As the magistrate judge noted, the decision shows that the ALJ considered the plaintiff's depression in his RFC and credibility determinations, as well. Specifically, the ALJ noted the plaintiff's testimony that she was depressed; her treatment for depression by her family physician; her lack of treatment by a mental health specialist for depression or any other mental health issues; and the findings of the state agency psychologists. (R. at 16-17.)

The plaintiff complains that the ALJ did not explain what limitations the depression caused. Apparently, the ALJ found none. And, the plaintiff has not recommended any, different than what the RFC already reflects. The ALJ specifically stated that he considered the combined effect of all of the plaintiff's impairments, both "severe and non-severe" (R. at 15), and such consideration is sufficient. *See, e.g., Wright v. Astrue*, 2011 WL 5403104,

6

at *7-8 (D.S.C. Oct. 18, 2011) (affirming decision where ALJ stated he considered the plaintiff's combination of impairments and discussed each impairment at some point in the decision, and where Plaintiff did not offer any reason to conclude that further consideration would have produced a different result), *report and recommendation adopted*, Nov. 8, 2011, 2011 WL 5403070.

As the defendant contends, to the extent the ALJ failed to explicitly discuss any specific piece of evidence, an ALJ is not required to include in his written decision a detailed evaluation of every piece of evidence; rather, he is only required to "'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions." *Jackson v. Astrue*, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010) (quoting *Fischer v. Barnhart*, 129 Fed. Appx. 297, 303 (7th Cir. 2005) (internal citations omitted). The undersigned is comfortable that the ALJ considered the plaintiff's hip impairment and depression and that he cited substantial evidence to support the limitations included.

The plaintiff in cursory fashion lastly contends that in his credibility analysis, the ALJ failed to credit the plaintiff's excellent record of, and commitment to, work. The magistrate judge has already thoroughly recounted the basis for ALJ's credibility determination. (ECF No. 16 at 14-18.) As stated earlier, the fact that plaintiff has suggested some piece of evidence to conclude differently is of no moment; the plaintiff's work record does not directly undermine the remainder of substantial evidence otherwise relied upon to diminish her subjective complaints. There is no error.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the Magistrate Judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

December 17, 2014
Greenville, South Carolina